# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

LAUREN MCKINSEY YATES, et. al.,
          Plaintiffs

vs                                Case No. C-1-03-719
                                (Hogan, M.J)

SCIOTO COUNTY BOARD OF
MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES,
et. al.,
          Defendants

---

## ORDER

---

This matter is before the Court on the Motion for Summary Judgment of the Defendants Scioto County Board of Mental Retardation and Developmentally Disabled and John Oakley as to the Cross-Claims of Defendant and Cross-Claimant Anthony Miller (Doc. 41). To date, Cross-Claimant, Anthony Miller, has filed no response to Defendants' motion.

## BACKGROUND

Defendant and Cross-Claimant, Anthony Miller was employed as a principal at the Vern Riffe School, which is part of the charter of the Scioto County Board of Mental Retardation and Developmentally Disabled ("SCBMRDD"). (Doc. 5, Answer and Cross-Claim of Defendant Anthony Miller, ¶ 24). Miller had been hired pursuant to an employment contract with the SCBMRDD. (Doc. 5, Ex. 1, Principal's Contract, attached).

Under the terms of Miller's contract, he was hired for a three-year period commencing on August 20, 2000, and ending on August 20, 2003. (Id. at ¶1).

Pursuant to ¶ 14 of Miller's contract,

>    14. Re-employment
>
>    At the expiration of this contract, the Principal shall be re-employed
>    for a term of one year at the same salary plus any increments
>    authorized by the Board, ***unless*** the Superintendent or the Board, on
>    or before ninety (90) calendar days prior to the expiration date, either
>    re-employs the Principal for a succeeding term or gives the Principal
>    written notice of the Superintendent's or Board's intention not to re-
>    employ him. (Emphasis added)

(Id. at ¶14).

On March 12, 2003, Miller was informed by Defendant John Oakley, the superintendent of the SCBMRDD, that his employment contract would not be renewed. (Doc. 5, Cross-Claim, at ¶ 25).  Miller also received written notification of the decision not to renew his contract on March 13, 2003.  (Deposition of Anthony Miller, at 70, Ex. 3).

Miller brings this cross-claim pursuant to 42 U.S.C. § 1983, alleging that Defendants SCBMRDD and John Oakley violated his rights to equal protection of the laws, substantive due process and procedural due process by failing to renew his employment contract.  (Doc.5, Cross-Claim, at ¶¶43, 46, 49).  Miller also brings claims for breach of contract, wrongful discharge in violation of public policy, breach of implied contract in violation of state law.  Finally, Miller brings a claim which, while referencing various reprimands, appears to allege that his "termination" was in direct violation of "Ohio statutory policy and federal statutory policy" which directed Miller to cooperate with law enforcement and childrens services agencies.  (Doc. 5, Count VI).  We are unsure what to make of this claim, as, apparently, are Defendants SCBMRDD and John Oakley in that they completely fail to address said claim in their motion.

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed.

R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'"  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

<u>Miller's Cross-Claims Under 42 U.S.C. § 1983</u>

In Counts I, II, and III, Miller asserts claims pursuant to 42 U.S.C. § 1983, alleging that the non-renewal of his employment contract by Defendants violates his rights to equal protection of the laws, substantive and procedural due process under the Fourteenth Amendment.  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. "  42 U.S.C. § 1983.  Thus, in order to maintain an action under 42 U.S.C. § 1983, Miller must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Miller of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

The threshold determination in any §1983 claim is whether there exists a constitutional right.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).  This question can be answered by examining the nature of the right alleged to have been infringed upon. Miller claims that the non-renewal of his employment contract implicates protections provided for under the Fourteenth Amendment, namely the right to substantive and procedural due process.

The substantive due process element of the Fourteenth Amendment "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action."  *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988).  However, while most, if not all, state-created contract rights are protected by procedural due process, they are not protected by substantive due process.  *Sutton v. Cleveland Board of Education*,  958 F.2d 1339, 1350 (6th Cir. 1992)(citing *Charles v. Baesler*, 910 F.2d 1349, 1353.   This is because substantive due process rights are created only by the Constitution.  *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 229 (1985).  As the Sixth Circuit, in *Baesler* stated,

4

> The Substantive Due Process Clause is not concerned with the garden
> variety issues of common law contract.  Its concerns are far narrower,
> but at the same time, far more important.  Substantive due process
> "affords only those protections 'so rooted in the traditions and
> conscience of our people as to be ranked as fundamental.'"  It protects
> those interests, some yet to be enumerated, "implicit in the concept of
> ordered liberty," like personal choices in matters of marriage and the
> family. State-created rights such as [plaintiff's] contractual right to
> promotion do not rise to the level of "fundamental" interest protected
> by substantive due process.  Routine state-created contractual rights
> are not . . . so vital that "neither liberty nor justice would exist if
> [they] were sacrificed."

958 F.2d at 1350.  Miller's substantive due process claim fails for the simple fact
that the Sixth Circuit has clearly held that "absent the infringement of some
"fundamental" right, it would appear that the termination of public employment
does not constitute a denial of substantive due process."  *Sutton*, 958 F.2d at
1351(quoting *McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 523 (6th
Cir. 1987)).  We find, in keeping with the Sixth Circuit's reasoning in *Baesler*, that
the dispute over Miller's contractual right to contract renewal "does not involve an
interest of sufficient weight to merit the protection of the substantive Due Process
Clause."  *Baesler*, 910 F.2d at 1355-56 ("the Constitution must not be trivialized
by being dragged into every personnel dispute in state and local government.
Disputes over overtime, over work assignments, over lunch and coffee breaks do
not implicate the great objects of the Fourteenth Amendment." (quoting *Brown v.
Brienen*, 722 F.2d 360, 365 (7th Cir. 1983)).   For this reason, we find that summary
judgment is appropriate with respect to Count II of Miller's Cross-Claim.

        Miller also raises a claim pursuant to § 1983 alleging a violation of his rights
under the Fourteenth Amendment procedural due process clause.  Miller claims
Defendants SCBMRDD and Oakley denied his right to procedural due process
when he was informed that his contract was not being renewed without being
afforded a hearing on the matter.  The Fourteenth Amendment prohibits state
actors from depriving an individual of life, liberty, or property without due process
of the law.  U.S. CONST. amend. XIV.  To establish a procedural due process
claim, Miller must first prove that he had a protected property interest in continued
employment.  *Singfield v. Akron Metro. Hous. Auth.,* 389 F.3d 555, 565 (6th Cir.
2004).  "[A] property interest exists and its boundaries are defined by 'rules or

5

understandings that stem from an independent source such as state-law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bailey v. Floyd County Board of Education*, 106 F.3d 135 (6th Cir. 1997)(quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).  Thus, to establish a protected interest in his position as principal, Miller "must be able to point to some statutory or contractual right conferred by the state which supports as legitimate claim to continued employment." *Bailey*, 106 F.3d at 141.

Ohio Revised Code § 5126.21 states:

(A)(1) Each management employee of a county board of mental retardation and developmental disabilities shall hold a limited contract for a period of not less than one year and not more than five years, except that a management employee hired after the beginning of a program year may be employed under a limited contract expiring at the end of the program year.  The board shall approve all contracts of employment for management employees that are for a term of more than one year.  *A management employee shall receive notice of the superintendent's intention not to rehire the employee at least ninety days prior to the expiration of the contract.*  If the superintendent fails to notify a management employee, the employee shall be reemployed under a limited contract of one year at the same salary plus any authorized salary increases.

(Emphasis added).  The Ohio Revised Code provides that a management employee includes a principal.  O.R.C. §5126.22.  Miller's employment contract with SCBMRDD indicates that he was hired for a term of three years.  (Doc. 5, Ex. 1, Principal's Contract, ¶ 1, attached).  Thus, we find that O.R.C. § 5126.21[1], as well as Miller's employment contract, granted him a contractual right to be employed for a three-year term.

_____

[1]. O.R.C. § 5126.23 also provides methods for terminating a contract, in contrast to non-renewal.  While Miller uses the terms "non-renewal" and "termination" interchangeably throughout his Cross-Claim, there is no evidence that Miller's contract was terminated rather than non-renewed. (Miller Dep. at 69; Ex. 3). Thus, § 5126.21, and not § 5126.23 is the statute applicable to the situation at hand.

6

Assuming Miller has established a deprivation of property, "the question remains what process is due." *Morrisey v. Brewer,* 408 U.S. 471, 481 (1972). As outlined above, O.R.C. § 5126.21 provides that an employment contract such as Miller's can only be non-renewed upon notice of such at least ninety days prior to the expiration of the contract. Miller was notified verbally on March 12, 2003, and formally in writing on March 13, 2003, that his employment contract, which expired on August 20, 2003, would not be renewed. (Miller Dep. at 69-72; Ex. 3, attached). Because Miller was provided with more than ninety days notice of the non-renewal of his contract, he received all the due process to which he was entitled. As such, we find that summary judgment is appropriate in Defendants' favor with respect to Count III of Miller's Cross-Claim.

Miller also raised an equal protection claim under the Fourteenth Amendment. The Fourteenth Amendment's Equal Protection Clause provides that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). It prohibits, *inter alia,* the discriminatory administration of a law neutral on its face. *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886). Thus, in order to establish an equal protection violation, Miller must, therefore show that he was treated differently than other similarly situated persons with respect to the non-renewal of his contract, or that SCBMRDD and Oakley administered O.R.C. § 5126. 21 and the contractual provision regarding non-renewal with a discriminatory intent or purpose. *Wesley v. Collins*, 791 F.2d 1255, 1262 (6th Cir. 1986). Miller has completely failed in this respect. Miller's Cross-Claim contains a conclusory allegation that the non-renewal of his employment contract violates the Equal Protection Clause, yet points to no facts supporting such a claim. Likewise, in failing to file a response to Defendants' Motion for Summary Judgment, Miller has failed to point to any evidence supporting a claim of intentional discrimination. For this reason, we find that summary judgment is appropriate in favor of Defendants SCBMRDD and John Oakley with respect to Count I of Miller's Cross-Claim.

## Miller's Breach of Contract Cross-Claim

Next we address Miller's state law claim for breach of contract alleged in Count IV of his Cross-Claim. Miller contends that he was entitled to receive advance notice of the intent not to renew his contract, and to be afforded the right to be present during the discussion of his contract, to know the basis for his non-renewal, and to respond before action on the contract was taken by SCBMRDD.

7

Miller's employment contract, explicitly states that:

> 14. Re-employment
>
> At the expiration of this contract, the Principal shall be re-employed for a term of one year at the same salary plus any increments authorized by the Board, ***unless*** the Superintendent or the Board, on or before ninety (90) calendar days prior to the expiration date, either re-employs the Principal for a succeeding term or gives the Principal written notice of the Superintendent's or Board's intention not to re-employ him. (Emphasis added)

(Doc. 5, Ex. 1, ¶14, attached). The "rights" to which Miller refers in Count IV do not exist in conjunction with the provision on re-employment. These procedural protections are, however, set forth under the provision regarding contract termination in Miller's employment contract, a provision modeled after O.R.C. § 5126.23. Because, as we found above, Miller's contract was not terminated, but rather was non-renewed, Miller did not have a right to be present during the discussion of his contract, to be informed of the basis for such non-renewal, nor to respond before action was taken by SCBMRDD. For this reason, we find that Defendants SCBMRDD and John Oakley are entitled to summary judgment with respect to Count IV of Miller's Cross-Claim.

<u>Miller's Implied Contract Cross-Claim</u>

Miller claims that he had an implied contract the terms of which included that "Miller would be entitled to the same rights and protections as all other employees, as set forth in the personnel manual provisions regarding hiring, termination of employment, disciplinary action, and grievance procedures." (Doc. 5, at ¶ 66). Miller claims that SCBMRDD and Oakley breach this implied contract by "refusing to comply with any of the personnel manual provisions, by terminating his employment without cause, without notice, and without review." (Id. at ¶ 67). Contrary to Miller's assertions, he did not have an implied contract with SCBMRDD as evidenced by the written employment contract between Miller and SCBMRDD. (Doc. 5, Ex. 1). "It is generally agreed that there can not be an express agreement and an implied contract for the same thing existing at the same time." *Warren v. Trotwood-Madison City School Dist. Bd. of Educ.,* No. 17457, 1999 WL 148233 at *7-8 (Ohio Ct. App. 1999)(quoting *Hughes v. Oberholtzer*,

8

123 N.e.2d 393 (Ohio 1954)).  Because Miller had an express written contract governing the terms of his employment, he cannot assert a claim under a theory of implied contract.  Accordingly, we find that Defendants SCBMRDD and John Oakley are entitled to summary judgment with respect to Count V of Miller's Cross-Claim.

## Miller's Wrongful Discharge Cross-Claim

In Count VI of his Cross-Claim, Miller asserts a claim for wrongful discharge pursuant to *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990).  Miller alleges that he was wrongfully discharged for violations of Defendants' personnel manual.  Assuming for the sake of argument that Miller was discharged, [2] Miller's cross-claim for wrongful discharge under *Greeley* fails because he cannot show that he was an at-will employee.  *Haynes v. Zoological Society of Cincinnati*, 652 N.E.2d 948, 951 (Ohio 1995)(In order to bring a cause of action pursuant to *Greeley* employee must have been an employee at will.).  Because, as noted above, Miller had an express contract governing the terms of his employment relationship with SCBMRDD, he was not an employee at will and he is outside the class of employees for whom *Greeley* provides protection.  *Id.*  As such, we find that Defendants SCBMRDD and John Oakley are entitled to summary judgment with respect to Count VI of Miller's Cross-Claims.

## IT IS THEREFORE ORDERED THAT:

1)  The Motion for Summary Judgment of the Defendants Scioto County Board of Mental Retardation and Developmentally  Disabled and John Oakley as to the Cross-Claims of Defendant and Cross-Claimant Anthony Miller (Doc. 41) be GRANTED in accordance with the decision herein.

---

[2]  We have already held previously that Miller was not terminated from his employment, but rather, his contract was not renewed. *See supra*, pp. 6-7, n.1.

9

2)      The Cross-Claim of Anthony Miller (Doc. 5) be DISMISSED.

Date:  6/8/2006            s/Timothy S. Hogan
                          Timothy S. Hogan
                          United States Magistrate Judge

J:\SMITHLE\SUMJUDG\Yates.msj.wpd

10