# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

LAUREN MCKINSEY YATES, et. al.,
        Plaintiffs

   vs                                    Case No. C-1-03-719
                                                (Hogan, M.J)

SCIOTO COUNTY BOARD OF
MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES,
et. al.,
        Defendants

---

## ORDER

---

On June 8, 2006, this Court entered an Order granting the Motion for Summary Judgment of the Defendants Scioto County Board of Mental Retardation and Developmentally  Disabled and John Oakley as to the Cross-Claims of Defendant and Cross-Claimant Anthony Miller (Doc. 41).  In accordance with the Court's Order, Miller's Cross-Claim was dismissed in its entirety.  Previously, on February 28, 2006, Plaintiff Lauren McKinsey Yates' claim against Defendants was voluntarily dismissed with prejudice pursuant to the parties' settlement.   Thus, the sole remaining claim before the Court is Plaintiff Denise Yates' claim for loss of consortium under state law.

28 U.S.C. § 1367 provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a), (c).

Pursuant to 28 U.S.C. §1367, district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). "The general rule is that a district court should dismiss pendent state law claims if the federal claims have been dismissed before trial." *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)(citing *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987)); *see also Carnegie- Mellon Univ. v. Cohill*, 484 U.S. 343 350 n.7 (1988)(recognizing that, in such cases, the balance of interests will usually point toward declining to exercise jurisdiction). Moreover, when making such a determination, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993)(citing *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1412 (6th Cir. 1991)).

We find no overwhelming issues of judicial economy which would weigh heavily towards exercising supplemental jurisdiction. Indeed, we find the parties'

2

statute of limitations argument[1], as well as their argument regarding the constitutionality of O.R.C. § 2744.05, to present sufficiently novel state law questions which would weigh against this Court's exercise of jurisdiction. For these reasons, we decline to exercise supplemental jurisdiction over Plaintiff Denise Yates' state law claim for loss of consortium.

## IT IS THEREFORE ORDERED THAT:

1) Pursuant to 28 U.S.C. § 1367, this Court declines to exercise supplemental jurisdiction over Plaintiff Denise Yates' state law loss of consortium claim.

2) Plaintiff Denise Yates' Complaint be DISMISSED without prejudice and this case be TERMINATED upon the Court's Docket.

Date: 6/9/2006          s/Timothy S. Hogan
                        Timothy S. Hogan
                        United States Magistrate Judge

J:\SMITHLE\SUMJUDG\Yates2.msj.wpd

---

[1] The determination of this issue directly affects the applicability of Ohio Savings Statute, O.R.C. § 2305.19 to Plaintiff's loss of consortium claim.

3